Doward v. USA                          CV-01-52-B      04/04/01

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW HAMPSHIRE**


<u>John R. Doward</u>

    v.                                        **Civil No. 01-52-B**
                                              Opinion No. 2001DNH071
<u>United States of America</u>


## O R D E R


John Doward seeks relief pursuant to 28 U.S.C. § 2255.  He argues that the court improperly enhanced his statutory maximum sentence pursuant to 18 U.S.C. § 924(e).  His claims depend upon the Supreme Court's decision in <u>Apprendi v. New Jersey</u>, 120 S.Ct. 2348 (2000).

I assume without deciding that: (1) Doward's claims are not barred by the statute of limitations that governs § 2255 motions because he filed his motion within one year of "the date on which the right asserted was initially recognized by the Supreme Court . . . and made retroactively applicable to cases on collateral review," 28 U.S.C. § 2255; and (2) Doward can establish "cause and prejudice" that excuses his failure to raise his claims on direct appeal.  See <u>Sustache-Rivera v. United States</u>, 221 F.3d 8,

17-18 (1st Cir. 2000), cert. denied, 2001 WL 261805 (Mar. 19, 2001).  Nevertheless, I reject Doward's claims because they are defective on their merits.

The Supreme Court held in Apprendi that "[o]ther than the fact of a prior conviction, any fact that increases the penalty for a crime beyond the prescribed statutory maximum must be submitted to a jury, and proved beyond a reasonable doubt." 120 S.Ct. at 2362-63 (emphasis added).  The Court did not overrule its prior decision in Almendarez-Torres v. United States, 523 U.S. 224 (1998), which held that, where provided by statute, a judge may enhance a defendant's sentence based upon prior convictions which have not been presented to a jury and proved to the jury's satisfaction beyond a reasonable doubt.  See id. at 239-48; see also Apprendi, 120 S.Ct. at 2362 (declining to revisit the validity of Almendarez-Torres).  Therefore, as both the Tenth and the Eleventh Circuit Courts of Appeal have recognized, an enhancement of a statutory maximum sentence based on 18 U.S.C. § 924(e) that results from prior convictions is governed by Almendarez-Torres rather than Apprendi.  See United States v. Thomas, No. 99-12367, 2001 WL 178506, *5 (11th Cir. Feb. 23, 2001); United States v. Dorris, 236 F.3d 582, 587-88

-2-

(10th Cir. 2000).

I enhanced Doward's sentence pursuant to 18 U.S.C. § 924(e) based upon several prior convictions. Under prevailing Supreme Court precedent, the applicability of this enhancement is a matter for the judge rather than the jury. Petition dismissed.

SO ORDERED.

_____
Paul Barbadoro
Chief Judge

April 4, 2001

cc: John R. Doward, pro se
    Peter E. Papps, Esq.